# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA,**

    Plaintiff/Respondent,

v.

**GARY LEE WALLS,**

    Defendant/Petitioner.

No. 6:13-cr-00433-MC

**OPINION AND ORDER**

_____

**MCSHANE, Judge:**

On November 27, 2017, this Court granted Petitioner's motion to correct, vacate, or set aside his sentence under 28 U.S.C. § 2255. The Court granted that motion on due process grounds, holding that the trial court sentenced Defendant based on misinformation of a constitutional magnitude or, in the alternative, that Defendant was directly subject to the unconstitutionally vague residual clause of the Armed Career Criminal Act. The Government now moves the Court to reconsider its decision pursuant to Fed. R. Civ. P. 59(e). Because the two intra-district cases briefed by the Government are both distinguishable and nonbinding, and because the Government has failed to show that the Court's decision was otherwise based on a manifest error of law or justice, its motion for reconsideration is DENIED.

## DISCUSSION

The Government moves for reconsideration on three grounds. First, it argues that Petitioner waived his due process claim because sentencing errors are "generally not cognizable" if never raised at sentencing or on direct appeal. (Gov't Br. 3.) Second, the Government argues that the Due Process Clause affords Petitioner no relief because his plea agreement and sentence

Page 1 – OPINION AND ORDER

were merely the results of his "inaccurate predictions" and "risk avoidance." (Gov't Br. 9-12.) Finally, the Government argues that this Court overlooked two relevant cases from within the district, *United States v. Knight*, No. 3:14-cr-00152-BR (D. Or. Aug. 17, 2017) and *United States v. Hill*, No. 3:12-cr-00276-MO (D. Or. July 25, 2017), and that the Court's ruling creates an intolerable intra-district conflict. (Gov't Br. 1-3.)

To alter or amend a final judgment is "an extraordinary remedy" and must be used "sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Under Fed. R. Civ. P. 59(e), reconsideration is appropriate only if a court (1) committed a "manifest[ ] error of law," (2) precipitated a "manifest injustice," (3) is presented with "newly discovered or previously unavailable evidence," or (4) learns about an "intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491-92 (9th Cir. 2016) (citations omitted). Here, the Government's arguments are purely legal, so reconsideration is unwarranted on the grounds of newly discovered or previously unavailable evidence. There has also been no intervening change in the controlling law.[1] The Government must therefore persuade the Court that it committed a manifest error of law or justice.

After careful consideration, the Court finds that the Government has not carried its burden. As the Court outlined in its first Opinion and Order, most lower courts to have examined the issue within the Ninth Circuit have vacated petitioners' sentences if they were imposed under threat of an unconstitutional ACCA enhancement. *United States v. Terrell*, 217 F. Supp. 3d 1277, 1285-87 (E.D. Wash. 2016); *Pressley v. United States*, 201 F. Supp. 3d 1277, 1282 (W.D. Wash. 2016); *United States v. Suttle*, No. 2:14-cr-00083-SBL, 2016 WL 3448598, at

---

[1] There is no law of the district and the intra-district cases cited by the Government are not binding upon this Court. *See Starbuck v. City of San Francisco*, 556 F.2d 450, 457 n.13 (9th Cir. 1977) ("The doctrine of *stare decisis* does not compel one district court judge to follow the decision of another.").

Page 2 – OPINION AND ORDER

*4 (E.D. Wash. June 20, 2016). Moreover, the Ninth Circuit, in its only opinion on the matter, treated the validity of ACCA-impacted plea agreements as a matter of due process governed by its precedent on misinformation in sentencing. *United States v. Molesky*, 691 Fed. Appx. 847, 848 (9th Cir. 2017) (unpublished) (relying on the two-part test announced in *United States v. Safirstein*, 827 F.2d 1380 (9th Cir. 1987), but denying petitioner's motion because, unlike here, his sentence was not demonstrably "based" on the threatened ACCA enhancement). This Court's decision and reasoning is therefore consistent with the balance of available precedent.

The two intra-district cases cited by the Government are both distinguishable and do not bind this Court. To begin, neither Judge Mosman nor Judge Brown focused their opinions on the question currently before the Court. Specifically, Judge Mosman denied the petitioner's motion by minute order, making the basis for his opinion unclear, and Judge Brown based her decision on the distinct issue of timeliness; neither addressed whether the risk of unconstitutional prosecution under the ACCA independently produces a due process violation. More importantly, whereas the *Knight* and *Hill* petitioners accepted *below*-Guidelines sentences, Mr. Walls agreed to a significant upward variance. The sentencing record, unlike that in *Knight* and *Hill*, clearly reflects that Mr. Walls agreed to this upward variance specifically to avoid the risk of ACCA exposure. In fact, the Government urged the *Knight* and *Hill* courts to deny relief based on this precise distinction. Gov't Br. 12, *Hill*, No. 3:12-cr-00276-MO ("This is not a situation where the potential applicability of the ACCA led the defendant to agree to or the Court to impose a sentence above the advisory sentencing guideline range."); Gov't Br. 5, *Knight*, No. 3:14-cr-00152-BR ("[T]here is no evidence in the record that the Court's decision to impose a low-end advisory guideline sentence was [intended] to avoid a sentence under the ACCA.")

The Government's other arguments, which should have been presented earlier in the litigation, were already addressed by the Court in its first Opinion and Order. *Kona Enters., Inc.*, 229 F.3d at 890 (holding that a motion for reconsideration may not be used to raise arguments "which could have reasonably been raised earlier in the litigation"); *see also United States v. Rezonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (holding that a court need not "rethink what it has already thought through"). There is therefore no manifest error of law or justice.

## CONCLUSION

For the foregoing reasons, the Government's motion for reconsideration is DENIED.

IT IS SO ORDERED.

DATED this 10th day of January, 2018.

      /s/ Michael McShane
      Michael J. McShane
      United States District Judge